■ GARDINER INTERNATIONAL, INC., et al., Respondents, v J.W. TOWNSEND & ASSOCIATES, INC., et al., Appellants. [852 NYS2d 776]—

The damage award of 75% of the search placement fee was contemplated by the partnership agreement. Furthermore, it was not against the weight of the evidence, but was based on a valid line of reasoning and permissible inferences (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498-499 [1978]) by which a rational person could conclude that the search had been initiated by plaintiffs, and that a 75%/25% payment allocation was to be based solely on initiation and not placement.

Plaintiffs did not plead, prove, argue or obtain a jury instruction regarding an alleged credit, so the jury did not err in failing to take any credit into account. We have considered defendants' remaining arguments and find them without merit. Concur— Tom, J.P., Saxe, Gonzalez and Buckley, JJ. [*See* 2006 NY Slip Op 30376(U).]